The opinion of the Court was delivered by
O’Neall, C. J.
In this case, I am not satisfied that the Act of 1853 applied to the contract of the defendant, and, therefore, without expressing an opinion upon that point, I shall consider the case upon the first ground: upon it, I think the plaintiff cannot recover.
According to the proof, the guardian directed the principal to select a store with which the defendant and her sister were to be at liberty to trade. Accordingly, the store of Mr. Sloan was selected, where they ran up a bill to the amount of $99.
The rule is true, that an infant unprovided for may be *170 either liable herself or make her parent. But the qualification is, if she be provided for, or if her parent be living, she will not be liable.
On the present occasion the guardian made provision for her, and she is therefore no longer amenable for contracts made by her. It is in vain that she was introduced by a respectable lady, and that the articles were necessaries. A merchant had no right to assume what were necessaries for her against the judgment of her parent or her guardian. He confined her to a particular store, and while that was open to her, she cannot charge herself or him in another. There is no greater evil attending boarding-schools than the unlimited credit which is given by merchants to students. It is wise, therefore, to interpose checks whenever it can be done.
The defendant’s motiop. is therefore granted; the decree entered for the plaintiff is set aside, and a decree for the defendant is directed to be entered.
Johnstone, J., concurred.
Wardlaw, j., absent at the hearing.

Decree reversed.